IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Janet Johnson Capers, | Civil Action No. 2:10-3163-RMG-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Behr Heat Transfer Systems, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to dismiss or, in the alternative, for a more definite statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) [Doc. 20], requesting that the plaintiff's entire case be dismissed or that she be made to amend her Complaint. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and

should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## **DISCUSSION**

The defendant contends that the plaintiff's Complaint fails to state any cause of action against it.  The Court would agree.  As the defendant argues, the Complaint essentially makes no allegations of any violation of law or tort or other wrongdoing by the defendant.  The Complaint appears to fail in two respects.  It has neither identified a federally cognizable legal wrong nor some other jurisdictional basis to proceed.

First, the plaintiff has not made an allegation which sounds in any traditional discrimination cause, whether for race or gender or disability. Nor do the facts alleged implicate any other federal statute, employment or otherwise, known to the Court.

Instead, she has described a, difficult to follow, series of problems with her co-workers and supervisors. (Compl. at 2.) The plaintiff claims that she was disciplined for not following her supervisor's explicit instructions and for disregarding company policy and that she was terminated as a result. *Id.* at 3-4. She does not contend that any action was taken against her due to her membership in any statutorily protected class. The Complaint describes only workplace dispute, which is almost always inactionable.

The plaintiff does use the phrase "wrongful termination" at the end of her Complaint. *Id.* at 5. South Carolina recognizes such a claim, see *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005); *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (1985), but that claim provides no independent basis for federal jurisdiction in this court, as it does not arise under federal law. *See* 28 U.S.C. § 1331. Moreover, the plaintiff has not pled any facts by which it could be concluded that diversity jurisdiction exists, to wit, the parties are citizens of different states. *See* 28 U.S.C. § 1332. Accordingly, the Complaint, as pled, should not continue.

In these circumstances, the Court rarely recommends dismissal and typically provides leave to amend to make more definite the Complaint, in accordance with the strictures of Rule 8. *See* Fed. R. Civ. P. 8, 12(e). The defendant has suggested as much, in lieu of dismissal. (Mem. Supp. Mot. Dismiss at 5.) The problem, here, however, is not specificity. The plaintiff has provided significant, if not easy to understand, detail. The Court fears that its reaction to the Complaint will invite amendment of certain language and averments, which the plaintiff maybe otherwise did

3

not intend but would now allege in order to continue with the case.

That being said, the Court is tasked to liberally construe the *pro se* Complaint and, out of an abundance of caution, would not cut short a last chance of the plaintiff to better explain what she might have meant.  The plaintiff is cautioned that mere workplace problems or disputes are not enough.  She must identify a legal wrong, which the defendant committed against her, prohibited by statute or common law or constitution, and the jurisdictional bases for the presence of her case here.  The Court would caution that the plaintiff not attempt to save her case by making claims that are not consistent with the actual facts of her circumstances.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 20], be DENIED and the plaintiff given fifteen (15) days leave to amend her Complaint.

IT IS SO RECOMMENDED.

                                                 s/Bruce Howe  Hendricks
                                                 United States Magistrate Judge

May 20, 2011
Charleston, South Carolina.

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).