IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

JSDC, CLERK, CHARLESTON, SC
RECEIVED
2011 JUN -6  A 8: 26

| | | |
|---|---|---|
| Janet Johnson Capers, | ) | Civil Action No. 2:10-cv-3163-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Behr Heat Transfer Systems, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) or in the alternative to require her to amend her pleadings to provide a more definite statement. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. The Magistrate Judge has made a report and recommendation that Defendant's motion to dismiss be denied and that Plaintiff be given 15 days to amend her complaint. The Plaintiff has filed a reply to the R & R which this Court will construe as objections. After a *de novo*, this Court adopts the recommendation of the Magistrate Judge.

### Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo*

1

determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

In its motion, the defendant contends that the plaintiff's Complaint fails to state any cause of action against it. At present, the Complaint essentially makes no allegations of any violation of law or tort or other wrongdoing by the defendant. The Complaint appears to fail in two respects. It has neither identified a federally cognizable legal wrong nor some other jurisdictional basis to proceed.

First, the plaintiff has not made any allegations which sound in any traditional discrimination cause, whether for race or gender or disability. Nor do the facts alleged implicate any other federal statute, employment or otherwise.

Instead, Plaintiff has described a, difficult to follow, series of problems with her co-workers and supervisors. (Dkt. No. 1, Compl. at 2.) The plaintiff claims that she was disciplined for not following her supervisor's explicit instructions and for disregarding company policy and that she was terminated as a result. *Id.* at 3-4. She does not contend that any action was taken against her due to her membership in any statutorily protected class.

The plaintiff does use the phrase "wrongful termination" at the end of her Complaint. *Id.* at 5. South Carolina recognizes such a claim, *see Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005); *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (1985), but that claim provides no independent basis for federal jurisdiction in this court, as it does not arise under federal law. *See* 28 U.S.C. § 1331. Moreover, the plaintiff has not pled any facts by which it could be concluded that diversity jurisdiction exists, to wit, the parties are citizens of different states. *See* 28 U.S.C. § 1332.

While Plaintiff has significant pleading hurdles to overcome, this Court, instead of dismissing the action, will allow Plaintiff the chance to plead a claim that might be plausible in this Court's jurisdiction. To do so, Plaintiff must identify a legal wrong, which the defendant committed against her, prohibited by statute or common law or constitution, and the jurisdictional bases for the presence of her case here with the bounds of Rule 11 in mind.

## Conclusion

Based on the above, the Defendant's motion to dismiss is denied and Plaintiff is given 15 days to amend her Complaint in accordance with Rule 8 and as governed by *Iqbal*.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 6, 2011
Charleston, South Carolina

4